UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 18-CV-60767-SCOLA/SNOW

KIP BARNETT and PHILLIP DUNLEAVEY
individually and on behalf of all
others similarly situated,

       Plaintiffs,

  v.

PREMTECH, LLC,  a Georgia Limited
Liability Company d/b/a Bitcoin Depot,
LUX VENDING, LLC, a Georgia Limited
Liability Company and BRANDON MINTZ,
a natural person,

       Defendants.
_____/

## LUX VENDING'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Lux Vending, LLC ("Lux Vending"), through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f), hereby moves to dismiss the Second Amended Complaint ("SAC") (DE 10) filed by Plaintiffs, Kip Barnett and Phillip Dunleavey.

**I.    INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

Broadly speaking, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, *et seq.*, places restrictions on the manner in which businesses and individuals may contact customers and potential customers by telephone call, text message, or facsimile. Although the TCPA was designed for aggrieved individuals to bring claims *pro se* in small claims court, 137 Cong. Rec. 30,821 (1991), class action litigation under the TCPA has become a booming "cottage industry." *E.g., Omerza v. Bryant & Stratton*, No. 2006-L-092, 2007 WL 2822000, at

*4 (Ohio Ct. App. Sept. 28, 2007); *A Aventura Chiropractic Care Cir., Inc. v. Phil McCullem.com LLC*, No. 50 2009 CA 023494, 2015 WL 5057022, at *6 (Fla. Cir. Ct. Palm Beach Cnty. Aug. 19, 2015) ("The Court notes that the legislative history of the TCPA makes it clear that Congress never intended this legislation to open the floodgates of class action litigation."), *aff'd* 2016 WL 1252098 (Fla. 4th DCA Mar. 31, 2016). As noted by the current Chairman of the FCC, "the TCPA has strayed far from its original purpose," and has become the "poster child for lawsuit abuse, with the number of TCPA cases filed each year skyrocketing." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7961, 8073, 2015 WL 4387780, at *80, 81 (2015).

As alleged in the SAC,[1] Lux Vending operates Bitcoin ATM machines, through which individuals may purchase or sell certain cryptocurrencies. DE 10, ¶ 1. The Plaintiffs claim that Lux Vending sent them a collective total of five text messages, informing them of the existence of new Bitcoin ATM machines in the Miami area. *Id.*, ¶¶ 34, 49, 54. As a consequence of these text messages, each named Plaintiff alleges that he suffered the exact same injury: "invasion of his privacy, aggravation, annoyance, intrusion or seclusion, trespass, and conversion . . . and caused disruption to his daily life." *Id*., ¶¶ 47, 64. Neither Plaintiff provided any specific or concrete factual allegations regarding how he was injured or harmed by Defendants' alleged behavior.

---

[1] Each named Plaintiff initially filed his own separate putative class action in this judicial district. Mr. Dunleavey's complaint, which was assigned to Judge Gayles, was filed prior to this action. *Dunleavey v. Lux Vending, LLC,* 1:18-cv-21367-GAYLES-OTAZO-REYES, DE 1. After Judge Gayles expressed skepticism as to whether a plaintiff has Article III standing in analogous circumstances, as discussed below, Mr. Dunleavey voluntarily dismissed that lawsuit (DE 6), and he was added as a named plaintiff in the instant lawsuit before Judge Scola (DE 10). No motion for consolidation was filed, the Court was not apprised of the prior (now consolidated) lawsuit, and no explanation was provided in either action for the Plaintiffs' conduct.

The SAC should be dismissed for several reasons, but most importantly because the Plaintiffs lack Article III standing. Although the Plaintiffs arguably allege facts sufficient to demonstrate a mere statutory violation of the TCPA (*i.e.*, in essence, that an unsolicited text message was sent by the Defendants to the Plaintiffs), the United States Supreme Court recently clarified that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1551 (2016). Applying *Spokeo*, the Eleventh Circuit recently determined that a plaintiff did not have Article III standing despite alleging a statutory violation because the complaint did not allege an actual injury-in-fact due to the violation. *See Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1003 (11th Cir. 2016). Plaintiffs' allegations of "disruption to [their] daily life" (and similarly vague and conclusory allegations based on the receipt of a text message), fail to state a concrete injury-in-fact sufficient to survive the Supreme Court's and Eleventh Circuit's recently-articulated standing analysis. The lawsuit should be dismissed with prejudice on this basis alone.

The SAC is also subject to dismissal for a separate and independent reason: it impermissibly lumps together the Defendants. In this regard, the SAC is a particularly egregious example of this practice, which has long been prohibited in this jurisdiction. Indeed, in a footnote to the SAC, the Plaintiffs simply state that "all references, or allegations made against Bitcoin Depot [i.e., Defendant Premtech, LLC] are also to be referenced or alleged against [Defendant] Lux Vending LLC]." SAC, ¶ 1 n.1. At no point in the SAC do the Plaintiffs differentiate the three Defendants or tailor allegations to a particular Defendant. For this reason, the Defendants do not have "fair notice of the precise nature of the violation that is claimed against them," and the SAC should be dismissed on this basis. *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367,

1374 (S.D. Fla. 2011) (Dimitrouleas, J.) (dismissing TCPA claims where complaint lumped together the defendants).

Finally, Counts II and III of the SAC should be dismissed because they are improperly redundant. As explained in more detail below, each of the three counts assert the same cause of action against the Defendants – a violation of the TCPA. The only difference is that Count II seeks "treble damages" and Count III seeks an injunction pursuant to the regulations promulgated under the TCPA.

## II.     MEMORANDUM OF LAW

### A.  THE SAC SHOULD BE DISMISSED BECAUSE PLAINTIFFS LACK ARTICLE III STANDING

To establish Article III standing, a plaintiff seeking to invoke a federal court's jurisdiction bears the burden of demonstrating: (i) an injury-in-fact, (ii) a causal connection between the injury and the alleged misconduct, and (iii) a likelihood that the injury will be redressed by a favorable decision. *L.M.P. on behalf of E.P. v. Sch. Bd. of Broward Cnty., Florida*, 879 F.3d 1274 (11th Cir. 2018). The Supreme Court has characterized these elements as the "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish an injury-in-fact, the element pertinent to this motion, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1547 (citing *Lujan*, 504 U.S. at 560). The plaintiff bears the burden of showing that he or she has standing. *Summers v. Earth Island Inst*. 555 U.S. 488, 493 (2009).

The SAC should be dismissed with prejudice pursuant to Rule 12(b)(1) because neither Plaintiff has alleged a sufficient injury through the receipt of text messages on their cellular telephones to confer constitutional standing. Plaintiffs never assert that they were charged money

4

for receiving the text message, that they were deprived of the use of their cell phones because of the text message, or any other concrete injury. Instead, each Plaintiff asserts simply (and in a conclusory manner) that the receipt of a text message caused "actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." SAC at ¶¶ 47, 64.

In a critical 2016 decision, the Supreme Court addressed, at length, the constitutional requirement that a plaintiff allege a concrete injury-in-fact. *Spokeo*, 136 S.Ct. at 1547. In *Spokeo*, the plaintiff alleged that the defendant misrepresented his credit profile, allegedly in violation of the Fair Credit Reporting Act. 136 S.Ct. at 1546. The Court noted that to establish standing, a plaintiff must allege sufficient facts that he or she has suffered an injury-in-fact. *Id.* at 1547. Recognizing that an "injury-in-fact" is a constitutional requirement, the Supreme Court reasoned that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id*. at 1548. The Court concluded that to establish an injury-in-fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Id*. (citing *Lujan*, 504 U.S. at 559-560). Ultimately, the *Spokeo* Court determined that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation," but rather must make sufficient allegations regarding an actual, concrete injury. *Id*. at 1551.

*Spokeo*'s ruling was applied by the Eleventh Circuit in *Nicklaw v. Citimortgage, Inc*., 839 F.3d 998 (11th Cir. 2016). In that case, a mortgagor filed a putative class action lawsuit alleging failure by CitiMortgage to file, within 30 days, a certificate of discharge of the mortgage, in violation of New York property laws. Analyzing *Spokeo*, the *Nicklaw* court recognized that a plaintiff does not automatically satisfy "the injury in fact requirement whenever a statute grants a

5

person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1002. *Nicklaw* concluded that the plaintiff did not allege harm or a material risk of harm because "he did not allege that he lost money [,] . . . does not allege that his credit suffered . . ." and did not allege "even a material risk of harm." *Id*. at 1003. Accordingly, the appellate court determined the plaintiff lacked standing to raise the alleged statutory violation. *Id*.

Following *Spokeo* and *Nicklaw*, several courts have dismissed cases that brought technical violations of consumer protection statutes without allegations of additional injury. For example, in *Hancock v. Urban Outfitters, Inc.*, the plaintiff sued a retail store for requiring the plaintiff to provide a zip code or telephone number in connection with purchases, which allegedly violated a city ordinance. 830 F.3d 511, 512 (D.C. Cir. 2016). The D.C. Circuit dismissed the case because plaintiff's only alleged injury was being required to provide a zip code in contravention of an ordinance, but there was no allegation of a concrete injury-in-fact such as a wrongful monetary charge or other discrimination. *Id*. at 514. Thus, in *Hancock*, momentarily wasting the plaintiff's time did not amount to a concrete injury. *See also Zia v. CitiMortgage, Inc*. 210 F. Supp. 3d 1334, 1339 (S.D. Fla. 2016) (Gayles, J.) (dismissing lawsuit for violations of statute that required recording of satisfaction of mortgage within 30-days for lack of standing because "plaintiff has identified no tangible or intangible harm that he suffered, other than the fact that the delay in recording occurred and he has identified no 'material risk of harm' from the delay, simply the delay itself"); *Zemel v. CSC Holdings, Inc.,* 2017 WL 1503995 at *5 (D. N.J. Apr. 26, 2017) (determining that alleged receipt of three unsolicited text messages which plaintiff alleged had raised his phone bill, without more, did not satisfy an injury-in-fact, and dismissed TCPA complaint for lack of standing).

Here, as in *Spokeo*, *Nicklaw,* and their progeny, the Plaintiffs have not alleged any concrete injury-in-fact from the alleged receipt of text messages. Lux Vending recognizes that, in *Palm Beach Golf*, which was decided before *Spokeo*, the Eleventh Circuit found a concrete and particularized injury through a fax machine receiving a "junk fax," which temporarily rendered it "unavailable for legitimate business messages." 781 F.3d 1245, 1252 (11th Cir. 2015). However, that case is inapposite for several reasons. First, unlike in *Palm Beach Golf*, the Plaintiffs do not assert the temporary unavailability of their devices. Nor do the Plaintiffs assert here that they incurred charges due to the receipt of the text messages in question.[2]

Moreover, in *Salcedo v. Hanna*, 16-cv-62480-DPG, 2017 WL 4226635 (S.D. Fla. June 14, 2017) (Gayles, J.), the plaintiff alleged that receiving an unsolicited text message from a law firm violated the TCPA, and that his injury was the invasion of plaintiff's privacy and right to enjoy the full utility of his cellular device. The Court stated "[w]hile *Palm Beach Golf* is binding on this Court, the Court questions whether receipt of the one text message at issue here is sufficient to constitute a concrete injury-in-fact such that Plaintiff has Article III standing under *Spokeo* and *Nicklaw*." *Id*. at 1. Accordingly, the *Hanna* court certified an order for interlocutory appeal to the Eleventh Circuit and stayed the District Court case pending the appeal. *See also Fridman* v. *Collection, LLC,* 2018 WL 2254570 (S.D. Fla. Mar. 27, 2018) (Ungaro, J.) (staying case where plaintiff alleged a violation of the TCPA due to the receipt of an unsolicited text

---

[2] Plaintiffs may also cite the District Court order in *Mohamed v. Off Lease Only, Inc*., in which the Court determined that the sending of a text message did constitute an injury-in-fact under the facts of that case. 15-CV-23352, 2017 WL 1080342 at *1 (S.D. Fla. Mar. 22, 2017) (Cooke, J.). However, *Mohamed* is inapposite. In that case, the plaintiff created an internet advertisement to sell his vehicle, but specifically requested that he did not want to receive unsolicited offers, and instructed others in the advertisement "not to text him at all." *Id*. at *4. The defendant, however, despite plaintiff's warning not to send an unsolicited text message, sent a text message to plaintiff's cell phone anyway. The Court determined that, in view of this conduct, the plaintiff had invaded the privacy of the defendant.

message pending the Eleventh Circuit's ruling in *Hanna*, which "will determine whether [plaintiff] has standing to purse his claim.").

Here, like the district courts in *Hanna* and *Fridman*, should the Court not grant Defendant's motion to dismiss, this case should be stayed pending the Eleventh Circuit's dispositive ruling in *Hanna v. Salcedo*, 17-14077.[3] Briefing is complete in *Hanna*, and the case is scheduled for oral argument during the week of October 1, 2018. As the court stated in *Fridman*, the Eleventh Circuit's decision in *Hanna* will determine whether the Plaintiffs have suffered an injury-in-fact as a result of allegedly receiving a text message.

### B. THE SAC SHOULD BE DISMISSED FOR IMPROPERLY LUMPING TOGETHER THE DEFENDANTS

In the Eleventh Circuit, courts routinely dismiss complaints where the plaintiff impermissibly lumps together the defendants, because a pleading constructed in that manner deprives each defendant of "fair notice of the precise nature of the violation that is claimed against them." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (Dimitrouleas, J.) (dismissing TCPA claims where complaint lumped each defendant together but never identified the alleged unlawful conduct performed by each defendant). This practice of lumping together defendants "creates confusion and makes the analysis of the complaint unnecessarily burdensome and results in making accusations that are just not accurate." *Cellco P'ship v. Plaza Resorts Inc.*, 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sept. 27, 2013) (Marra, J.) (stating while plaintiff alleged that each defendant was a distinct legal entity, the TCPA complaint did not adequately explain each defendant's liability, and allegations that the entities were "affiliated" or "[acted] in concert" were "simply too conclusory").

---

[3] Defendant Lux Vending is filing a motion to stay contemporaneously with the instant motion.

Here, the SAC lists each Defendant as a separate entity or individual asserting that Defendant Premtech is a Georgia LLC, Defendant Lux Vending is a Georgia LLC, and that individual Defendant Mintz resides in Georgia. *See* SAC, ¶¶10-12. Plaintiffs fail to articulate, at any point in the SAC, each Defendant's role in the alleged misconduct – or to distinguish the Defendants in any way. Further, Plaintiffs name Premtech LLC, Lux Vending, and Brandon Mintz simply as "Defendants" in all three counts of the SAC, and in **each** allegation throughout the SAC. Plaintiffs never distinguish between the roles of each Defendant, let alone signify what alleged conduct was performed by Lux Vending in this case, or why Lux Vending is even a Defendant in this case.

Moreover, in contravention of the admonishment in this district to avoid lumping together defendants, the Plaintiffs simply note at the beginning of the SAC that "all references, or allegations made against Bitcoin Depot [identified by Plaintiffs as Defendant Premtech in the caption to the lawsuit] are also to be referenced or alleged against Lux [Vending]." SAC at ¶ 1 n.1. Like in *Bank of America* and in *Cellco*, these allegations are utterly conclusory, fail to give fair notice to Lux Vending of its alleged misconduct in this action, and should not be condoned. Accordingly, the SAC should be dismissed on this basis.

### C. COUNTS ONE, TWO, AND THREE ARE REPETITIVE, WRONGLY PLED, AND SUBJECT TO DISMISSAL

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, repetitive claims are subject to dismissal pursuant to Rule 12(f), which permits a court to strike "duplicative claims and allegations from a pleading." *Todd v. State Farm Fire & Cas. Co.,* CV 18-0175-WS-C, 2018 WL 2250880, at *2 (S.D. Ala. May 16, 2018). The SAC generally, and Counts II and III in particular, are subject to dismissal under both of these rules.

9

As an initial matter, the SAC is riddled with legal argument and case citations to TCPA litigation from across the United States. *See* SAC p. 6 (citations to Eighth Circuit, Ninth Circuit); p. 14 (citation to N.D. Cal and S.D. Cal.); p. 15 (citation to Seventh Circuit). A pleading disguised as a memorandum of law violates Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, the SAC includes statements that would be prejudicial to the Defendants should Plaintiffs ever attempt to provide a copy of the SAC to the jury, which makes it unreasonable for Lux Vending to submit a responsive pleading. *See Mazzeo v. Nature's Bounty, Inc.*, 14-60580-CIV, 2015 WL 1268271, at *3 (S.D. Fla. Mar. 19, 2015) (Bloom, J.) (striking expert report attached to complaint pursuant to Rule 8(a)(2)); *Kante v. McCurdy & Candler LLC*, 1:10-CV-1972-JEC-ECS, 2011 WL 13269082, at *9 (N.D. Ga. Jan. 27, 2011) (striking complaint that was "riddled with citations and legal arguments" where defendants would not be able to produce a responsive pleading).

Second, Counts I, II, and III of the SAC each assert the exact same violation of the TCPA pursuant to § 227(b)(1)(a)(iii), and seek damages under § 227(b)(3). The difference, which is not a substantive distinction, is that Count II seeks "treble damages," and Count III seeks injunctive relief. While Count III also alleges a violation of 47 C.F.R. 64.1200(c) (a regulation promulgated under the TCPA that is not an independent cause of action), it again lists exactly the same alleged conduct and same damages of $500.00 for each violation. *See* SAC at ¶ 109. Counts II and III offer "no new allegations, no new theories, and no new claims for relief," and, instead, are simply redundant. *State Farm*, 2018 WL 2250880, at *2; *see also Hollywood E. Artful Designs, Inc. v. Gutentag*, 07-60763-CIV, 2007 WL 2113606, at *1 (S.D. Fla. July 23, 2007) (Cohn, J.) (dismissing complaint that was unduly repetitive, noting that such redundancy

"unfairly burden[s] defendants' fundamental principles of due process"). The redundant claims should all be pled in one cause of action, seeking damages together. As pled, the SAC should be dismissed on this basis.

### III.  CONCLUSION

The SAC is subject to dismissal because the Plaintiffs have failed to allege they suffered a concrete injury from the Defendants' alleged violation of the TCPA. The SAC is further subject to dismissal because it impermissibly lumps each co-defendant together and fails to differentiate any of their conduct at any time in the pleading. Finally, the SAC is subject to dismissal for improperly raising the same alleged TCPA violation in three separate causes of action, making it inappropriately repetitive to Defendant Lux Vending. For each reason, the SAC should be dismissed with prejudice.

DATED this 6th day of July, 2018.

    Respectfully submitted,

    SHUTTS & BOWEN LLP
    *Attorneys for Defendant*
    200 South Biscayne Boulevard
    Suite 4100
    Miami, Florida 33131
    (t) 305.358.6300

    By:*/s/ Daniel T. Stabile*
        Daniel T. Stabile
        Florida Bar No. 95750
        (e) DStabile@shutts.com
        Marcela Lozano
        Florida Bar No. 73882
        (e) MLozano@shutts.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By:*/s/ Daniel T. Stabile*_____

## **SERVICE LIST**

Jibreal S. Hindi
**The Law Office of Jibrael S. Hindi, PLLC**
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: 954.907.1136
jibrael@jibraellaw.com
*Counsel for Plaintiffs*

Scott A. Edelsberg
**Kopelowitz Ostrow Ferguson Weiselberg Gilbert**
One West Las Olas Boulevard,
Suite 500
Fort Lauderdale, Florida 33301
Telephone 954.525.4100
Edelsberg@kolawyers.com
*Counsel for Plaintiffs*

Manuel S. Hiraldo
**Hiraldo, P.A.**
401 E. Las Olas Blvd.,
Suite 1400
Fort Lauderdale, Florida 33301
Telephone: 954.400.4713
mhiraldo@hiraldolaw.com
*Counsel for Plaintiffs*

MIADOCS 16600502 5