**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.: 18-CV-60767-SCOLA/SNOW

KIP BARNETT and PHILLIP DUNLEAVEY
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.

PREMTECH, LLC,  a Georgia Limited
Liability Company d/b/a Bitcoin Depot,
LUX VENDING, LLC, a Georgia Limited
Liability Company and BRANDON MINTZ,
a natural person,

      Defendants.
_____/

**LUX VENDING'S MOTION TO STAY PROCEEDINGS
PENDING APPELLATE RULING IN THE ELEVENTH CIRCUIT**

Defendant Lux Vending, LLC ("Lux Vending"), through its undersigned counsel, hereby moves to stay this case pending the determination by the United States Court of Appeals for the Eleventh Circuit in *John Salcedo v. Alex Hanna*, Case No. 17-14077. The question certified for appeal in *Hanna* – whether receipt of a text message is sufficient to support Article III standing – is squarely at issue in this case and is the subject of a pending motion to dismiss. As discussed in more detail below, the Eleventh Circuit has recognized, in view of considerations of fairness and judicial economy, that a pending appellate decision that is likely to have a "substantial or controlling effect on the claims and issues in the stayed case" is an "excellent" basis to support a stay. Moreover, this Court recently, on two separate occasions, has stayed the underlying action pending the *Hanna* appeal. Lux Vending respectfully submits that a stay likewise is appropriate here.

I.     **INTRODUCTION AND BACKGROUND**

On April 16, 2018, the Plaintiffs, Kip Barnett and Phillip Dunleavey, consolidated their putative class action lawsuits against Lux Vending, which assert violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq.* ("TCPA"), through Mr. Barnett's filing of a Second Amended Complaint.[1] *See* (DE 10) (the "Operative Complaint"), ¶¶ 1, 2. As alleged, Lux Vending (and other defendants who have not yet been served with process) operate Bitcoin ATM machines that allow individuals to buy and sell certain cryptocurrencies. *Id.* In connection with their use of a Lux Vending Bitcoin ATM machine, the Plaintiffs provided their cellular telephone numbers to Lux Vending, and, subsequently, received text messages informing them of additional Bitcoin ATM locations. *Id.*, ¶¶ 34, 48, 49, 54. Based on this alleged conduct, the Plaintiffs claim that they experienced the identical "injury-in-fact": "invasion of his privacy, aggravation, annoyance, intrusion or seclusion, trespass, and conversion . . . and . . . disruption to his daily life." *Id.*, ¶¶ 47, 64.

Lux Vending recently moved to dismiss the Operative Complaint on multiple grounds, but predominately on the basis that, pursuant to the United States Supreme Court's seminal decision in *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016), Plaintiffs' generalized allegations of harm related to the receipt of text messages are insufficient to confer Article III standing. This exact issue was recently certified by the United States District Court to the Eleventh Circuit in

---

[1] Each named Plaintiff initially filed his own separate putative class action in this judicial district. Mr. Dunleavey's complaint, which was assigned to Judge Gayles, was filed prior to this action. *Dunleavey v. Lux Vending, LLC,* 1:18-cv-21367-GAYLES-OTAZO-REYES, DE 1. After Judge Gayles expressed skepticism as to whether a plaintiff has Article III standing in analogous circumstances, as discussed below, Mr. Dunleavey voluntarily dismissed that lawsuit (DE 6), and he was added as a named plaintiff in the instant lawsuit before Judge Scola (DE 10). No motion for consolidation was filed, the Court was not apprised of the prior (now consolidated) lawsuit, and no explanation was provided in either action for the Plaintiffs' conduct.

*Hanna*: "whether receipt of [a] text message . . . is sufficient to constitute a concrete injury-in-fact such that Plaintiff has Article III standing" to bring a claim under the TCPA. *Salcedo v. Hanna*, 16-cv-62480-DPG, 2017 WL 4226635, at *1 (S.D. Fla. June 14 2017). In that case, Judge Gayles stayed the underlying case and permitted the defendants to file an interlocutory appeal, noting that "the Court questions whether receipt of the one text message at issue here is sufficient to constitute a concrete injury-in-fact such that Plaintiff has Article III standing under *Spokeo* and *Nicklaw*." *Id.* Judge Ungaro, in a similar TCPA text messaging case, also issued a stay of the case pending the Eleventh Circuit's determination in *Hanna*. *Fridman v. The Collection LLC*, No. 18-cv-20348, 2018 WL 2254570, at *1 (S.D. Fla. Mar. 27, 2018).

The Eleventh Circuit has recognized that the pendency of "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is an "excellent" reason for a U.S. district court to exercise its discretion to stay proceedings. *Miccosukee Tribe of Indians of Florida v. S. Florida Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Briefing in *Hanna* is complete, and the case is scheduled for oral argument during the week of October 1, 2018. *See* Ex. A (*Hanna v. Salcedo*, 17-14077 (11th Cir.) Docket). If the Eleventh Circuit answers the certified question in the negative, the ruling likely will be dispositive of this lawsuit. Accordingly, Lux Vending respectfully submits that this matter should be stayed pending the Eleventh Circuit's determination in *Hanna*.

## II. MEMORANDUM OF LAW

### A. The Legal Standard.

In determining whether to grant a motion to stay, "the district court acts within its own general discretion incident to its power to control its own docket." *Bondhus v. Henry Schein, Inc.*, 2015 WL 1968841, at *2 (S.D. Fla. Apr. 30, 2015) (citing *Clinton v. Jones*, 520 U.S. 681,

706 (1997)). A stay is authorized as a means "of controlling the district court's docket," "managing cases before the district court," or by principles of abstention. *Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262 (11th Cir. 2000).

In certain matters, a stay may "promote judicial economy, reduce confusion and prejudice, and prevent possible inconsistent resolutions." *Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1330, 1346 (S.D. Fla. 2009). Moreover, the Eleventh Circuit has recognized that a "good," if not "excellent," reason to grant a stay is for the district court to "await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe*, 559 F.3d at 1198. Finally, when a district court exercises its discretion "to stay a case pending the resolution of related proceedings in another forum, the district court must limit the scope of the stay," and such stay cannot be "immoderate" or "indefinite." *Ortega Trujillo*, 221 F.3d at 1262.

### B. A Stay Will Avoid the Risk of Inconsistent Resolutions.

In *Hanna* – as here – the plaintiff alleged that the defendant sent an unsolicited text message utilizing an auto-dialer in violation of the TCPA. Also as here, the defendant moved to dismiss the case, arguing that, under *Spokeo* and the Eleventh Circuit's decision in *Nicklaw v. Citimortgage,* 839 F.3d 998, 1003 (11th Cir. 2016), the plaintiff failed to allege an actual injury from receipt of the text message, and thus failed to establish Article III standing.

In its opinion, this Court "question[ed] whether receipt of the one text message at issue here is sufficient to constitute a concrete injury-in-fact such that [plaintiff] has Article III standing under *Spokeo* and *Nicklaw*." *Salcedo*, 2017 WL 4226635, at *1. The Court stayed the case and issued an interlocutory appeal finding the motion to dismiss raised "a controlling question of law as to which there is substantial ground for difference of opinion." *Id*. quoting 28

4

U.S.C. § 1292(b). The Court also determined that "the issue of standing in this case involves an unsettled and controlling question of law, [and] resolving this issue will materially advance the termination of this litigation and potentially eliminate the need for protracted and expensive litigation over one text message." *Id*.

Similarly, this Court also granted a stay in *Fridman v. The Collection LLC*, No. 18-cv-20348, 2018 WL 2254570, at *1 (S.D. Fla. Mar. 27, 2018) (Ungaro, J.). There, the plaintiff also asserted that the defendant violated the TCPA by sending an unsolicited text message. In view of *Hanna,* the *Fridman* Court granted a stay because the "[r]esolution of that appeal will determine whether Plaintiff here has standing to pursue his claim." *Id*. at 2.

Here, just as the district court noted in *Salcedo v. Hanna*, there is a controlling question of law as to whether the five collective text messages allegedly received by Plaintiffs establish an injury-in-fact sufficient to confer Article III standing. Should the Court deny the motion to stay, there is a possibility that a ruling in the case would be inconsistent with the Eleventh Circuit's determination – or with other opinions in this District. As the Eleventh Circuit has noted, an "excellent" reason for the Court to stay this case is the pendency of "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe*, 559 F.3d at 1198. Thus, the need to avoid potential inconsistent resolutions weighs heavily in favor of the Court issuing a stay.

Counsel for Lux Vending has located one case, *Becker v. HBN Media, Inc*., 18-cv-60688, 2018 WL 3007922 (S.D. Fla. June 6, 2018) (Altonaga, J.), in which this Court did not grant a stay based on the pendency of *Hanna*. However, in *Becker*, the Court emphasized that the "briefing schedule" in *Hanna* had not even been established, which presented concerns of an "indefinite" stay of litigation. *Id*. at *2. This issue has been obviated, as, subsequent to the

5

*Becker* decision, briefing is now complete in *Hanna* and the Eleventh Circuit has scheduled the case for oral argument during the week of October 1, 2018. *See* Ex. A. (*Hanna* docket). Thus, any stay in the instant case will be limited in duration until the Eleventh Circuit issues its opinion on a fully briefed matter that is scheduled for oral argument in less than three months, a timeframe that is no longer "immoderate" or "indefinite."

The Court in *Becker* also expressed concern regarding whether a stay would prejudice the plaintiffs or potential class members due to loss of putative class data and evidence. *Id.* at *2. Here, however, Lux Vending has been instructed by its counsel to preserve all data that could be pertinent to Plaintiffs Barnett or Dunleavey, or potential class members. Therefore, there is limited risk of loss of data for the text messages allegedly sent by Defendants to Plaintiffs or potential class members in this case. Accordingly, the two concerns upon which the *Becker* Court predicated its denial of the motion to stay are significantly reduced, if not eliminated entirely, in the context of this matter.

### C. A Stay Will Preserve Judicial Resources.

In *Hanna*, this Court determined that another reason for issuing a stay was to avoid "protracted and expensive litigation over one text message." 2017 WL 4226635, at *2. Indeed, courts have wide authority to stay proceedings to preserve judicial resources. *See, e.g., Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, CV 14-22659-CIV, 2015 WL 12715618, at *2 (S.D. Fla. May 11, 2015) (Scola, J.) (granting stay in patent litigation where separate proceeding before patent board would narrow litigation, thus saving the parties time in conducting discovery, briefing issues to the court, and saving judicial resources).

As alleged in the Operative Complaint, Plaintiff Barnett allegedly received a single text message in violation of the TCPA, and Plaintiff Dunleavey allegedly received four messages.

*See* Operative Complaint, ¶¶ 34, 49, 54. Given that the Eleventh Circuit's ruling in *Hanna* could be dispositive of the instant case, a stay is necessary to avoid protracted and expensive litigation over these five collective text messages. Such litigation, particularly because this is a putative class action lawsuit with potentially millions of dollars at issue, likely will involve lengthy discovery requests, discovery disputes, and additional motion practice that would not be necessary if the Eleventh Circuit determines that plaintiffs situated similarly to the plaintiffs here do not have Article III standing. Accordingly, given the need to preserve judicial resources, the instant case should be stayed pending the likely case-determinative ruling set before the Eleventh Circuit.

### D. A Stay Will Preserve the Parties' Resources.

The Eleventh Circuit has also determined that a district court properly employs its discretion to stay a case to preserve the parties' resources where the defendant raises a facial challenge to the legal sufficiency of a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1253, 1366-67 (11th Cir. 1997).

In *Chudasama* the Eleventh Circuit determined that the district court abused its discretion in denying a stay. There, the court reasoned that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Id.* at 1367. The court also recognized that discovery imposes several costs on the litigant from whom discovery is sought, both to collect the materials, produce the materials, and for the attorneys to draft a response to the opposing party. *Id.* Therefore, in exercising this discretion, district courts "ha[ve] the responsibility to manage the discovery process in a manner that avoids abuse of process and prejudice to the

7

parties." *Staup v. Wachovia Bank, N.A.*, 08-60359, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008).

The same rationale applied by the Eleventh Circuit in *Chudasama,* and by this Court in *Staup,* applies to this case. Lux Vending has moved to dismiss the case because the Plaintiffs have not established an injury-in-fact from the receipt of a text message, and thus do not have standing to pursue their claims. The five alleged text messages sent to the two Plaintiffs would lead to significant discovery as to other potential class members, and thus wasting each parties' resources. Given that Lux Vending has moved to dismiss the Operative Complaint with prejudice, and recognizing that the Eleventh Circuit currently is deciding the likely dispositive issue, this case should be stayed to avoid wasting both the parties' resources and the Court's resources.

### III.   CONCLUSION

The Eleventh Circuit's determination in *Hanna* will be binding on this Court and is dispositive of whether Plaintiffs have standing to assert the alleged TCPA violations in the Operative Complaint. Staying this case would preserve the parties and Court's resources, potentially avoid expensive and protracted litigation, and avoid inconsistent decisions with other district courts in the Southern District of Florida. Moreover, Plaintiffs face no apparent prejudice should the Court issue a stay, and the duration of the stay would be limited to when the Eleventh Circuit issues its ruling in *Hanna*, which is fully briefed and set for Oral Argument in less than three months.

Accordingly, Lux Vending respectfully requests the Court to enter an order staying these proceedings pending a decision from the Eleventh Circuit in *Salcedo v. Alex Hanna*, Case No.

16-cv-62480 (S.D. Fla. June 14, 2017), *appeal docketed*, No,. 17-14077 (11th Cir. Sept. 24, 2018).

### CERTIFICATE OF COMPLIANCE WITH
### PRE-FILING CONFERENCE REQUIREMENT

I certify that, in accordance with Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for the Plaintiffs in an effort to resolve the issues raised in this Motion, but the parties were not able to reach an agreement.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for Lux Vending*
200 South Biscayne Boulevard
Suite 4100
Miami, Florida 33131
(t) 305.358.6300

By: */s/ Daniel T. Stabile*
    Daniel T. Stabile
    Florida Bar No. 95750
    (e) DStabile@shutts.com
    Marcela Lozano
    Florida Bar No. 73882
    (e) MLozano@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Daniel T. Stabile*  _____

## SERVICE LIST

Jibreal S. Hindi
**The Law Office of Jibrael S. Hindi, PLLC**
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: 954.907.1136
jibrael@jibraellaw.com
*Counsel for Plaintiffs*

Scott A. Edelsberg
**KopelowitzOstrow Ferguson Weiselberg Gilbert**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Telephone 954.525.4100
Edelsberg@kolawyers.com
*Counsel for Plaintiffs*

Manuel S. Hiraldo
**Hiraldo, P.A.**
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
Telephone: 954.400.4713
mhiraldo@hiraldolaw.com
*Counsel for Plaintiffs*

MIADOCS 16602151 7